IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-255-D
No. 5:15-CV-519-D

| | |
|---|---|
| TREMAYNE A. LYNCH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 1, 2015, Tremayne A. Lynch ("Lynch") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 450-month sentence [D.E. 64]. On October 9, 2015, Lynch supplemented his section 2255 motion [D.E. 67]. On January 15, 2016, Lynch requested counsel [D.E. 77]. On January 19, 2016, the government moved to dismiss Lynch's section 2255 motion [D.E. 78] and filed a memorandum in support [D.E. 79]. On January 29, 2016, Lynch responded [D.E. 81]. On March 30, 2016 and April 25, 2016, Lynch supplemented his response [D.E. 86, 90]. As explained below, the court grants the government's motion and dismisses Lynch's section 2255 motion.

I.

On December 3, 2013, pursuant to a written plea agreement [D.E. 26], Lynch pleaded guilty to conspiracy to possess with the intent to distribute a quantity of cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one) and brandishing and discharging a firearm during and in relation to a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 2 (count two). See Rule 11 Tr. [D.E. 57] 23–27.

On May 19, 2014, at Lynch's sentencing hearing, the court calculated Lynch's advisory guideline range as 240 months' imprisonment on count one, and 120 months' imprisonment on count two, consecutive to the sentence on count one. See Sentencing Tr. [D.E. 58] 24. The court noted that, but for the statutory maximum, Lynch's advisory guideline range for count one would have been 360 months to life imprisonment. During the sentencing hearing, the court addressed Lynch's objections to the drug weight. See id. 7–24. After calculating the advisory guideline range, the court upwardly departed under U.S.S.G. § 5K.2.2 (physical injury), § 5K2.3 (extreme psychological injury), § 5K2.4 (abduction or unlawful restraint), and § 5K2.8 (extreme conduct). See Sentencing Tr. 24–45. In doing so, the court recounted Lynch's horrific criminal conduct. Lynch participated in a home invasion and robbery in which a male victim was shot and a female victim was raped in front of her cowering six-year-old daughter. Although Lynch did not rape the victim, Lynch did force the naked victim into the living room after the rape, punched her in the face, and heated a knife on the stove, threatening to insert it into her vagina if she did not reveal the location of drugs and money that Lynch and his co-conspirators wished to steal. See id. 24–25. After upwardly departing, the court calculated Lynch's advisory guideline range at 240 months on count one and life imprisonment on count two. Id. 45.

After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, the government's motion under U.S.S.G. § 5K1.1 and Lynch's allocution, the court sentenced Lynch to 240 months' imprisonment on count one and 210 months' imprisonment on count two to run consecutively. See Sentencing Tr. 45–58. Thus, Lynch received a 450-month sentence.

Lynch appealed. See [D.E. 50]. On February 10, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Lynch's conviction and sentence. See United States v. Lynch, 601 F. App'x 191, 194 (4th Cir. 2015) (per curiam) (unpublished).

2

On October 1, 2015, Lynch filed his section 2255 motion. See [D.E. 64]. Lynch makes four claims: (1) his counsel was constitutionally ineffective by failing to present evidence concerning Lynch's whereabouts during the conspiracy in order to reduce the drug weight and relevant conduct; (2) his counsel was constitutionally ineffective by failing to argue that another individual, "Mason," (not Lynch) tested crack cocaine for Lynch's co-conspirator Tavaris Battle; (3) the government failed to make known to the court at sentencing the full extent of Lynch's cooperation and counsel was constitutionally ineffective for failing to object to the government's omission; and (4) Lynch believed that the government would recommend a 20-year sentence, but the AUSA did not and the AUSA and an agent spoke to Lynch on the phone without Lynch's lawyer being on the call. See [D.E. 64]. On October 9, 2015, Lynch supplemented his section 2255 motion with a claim that the confidential informant's information concerning Lynch and co-conspirator Tony Sharp was not reliable. See [D.E. 67].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551

3

U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In his plea agreement, Lynch agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Lynch] at the time of [his] guilty plea." Plea Agreement [D.E. 33] ¶ 2.c.

An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013).

At his Rule 11 hearing, Lynch stated under oath that he had consulted with his counsel about the charges to which he was pleading guilty, that he was fully satisfied with his counsel's performance, that he was not on any medication, and that no one had threatened him or anyone else or made any promises to him or anyone else. See Rule 11 Tr. 12–13, 19. Lynch also swore that he understood the charges to which he was pleading guilty and understood the maximum penalties provided for those charges. See id. 16–17. Lynch also swore that he understood all the trial rights

4

that he had and that he would be waiving if he pleaded guilty and the direct and collateral consequences of pleading guilty. See id. 4–5, 18, 22. Lynch also swore that he had read and discussed his plea agreement with his lawyer, that he understood each term in his plea agreement, and that the plea agreement constituted the entire agreement between Lynch and the government. See id. 19–20. The court then read Lynch's appellate waiver aloud to him, and Lynch swore that he understood the rights he was giving up in the waiver. See id. 20. Lynch also swore that he understood the sentencing process, that any estimate of his sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of his advisory guideline range or sentence would not allow him to withdraw his guilty plea, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 6, 16–19.

At the end of his Rule 11 hearing, Lynch pleaded guilty, and the government provided a factual basis for the guilty plea. See id. 23–26. The court then accepted Lynch's guilty plea. See id. 26–27.

In light of the Rule 11 colloquy, Lynch's appellate waiver is valid. See, e.g., Copeland, 707 F.3d at 528; Thornsbury, 670 F.3d at 537; Blick, 408 F.3d at 169. Lynch agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting [a] . . . motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Lynch] at the time of [his] guilty plea." Plea Agreement ¶ 2.c.

In Lynch's second claim, Lynch contends that the agent and the AUSA in his case knew that Mason, not Lynch, tested crack cocaine for Battle. See [D.E. 64] 5; cf. Sentencing Tr. 12–14. This claim, however, falls within the scope of his appellate waiver. See, e.g., Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Lynch's waiver and dismisses this claim.

5

Alternatively, Lynch procedurally defaulted this claim. Lynch failed to raise this claim on direct appeal. Thus, the general rule of procedural default bars Lynch from presenting this claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Lynch has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

Alternatively, dismissing this claim does not amount to a miscarriage of justice warranting relief under 28 U.S.C. § 2255. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015). Notably, when this court sentenced Lynch, the guidelines were advisory, and Lynch received a sentence that was below the statutory maximum on count two. On these facts, Lynch cannot obtain relief concerning this claim under section 2255. See id.

Alternatively, the claim fails in the merits. Essentially, Lynch's claim concerning the alleged conversation between Lynch, the agent, and the AUSA concerning who tested crack cocaine for Battle constitutes nothing more than a vague and conclusory claim about the credibility of the confidential informant. As such, the claim fails. See, e.g., United States v. Dyess, 730 F.3d. 354, 359–60 (4th Cir. 2013).

As for Lynch's ineffective-assistance claim, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to

6

counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Lynch must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Lynch's first and fifth claim claims concern his lawyer's alleged failure to contest the drug weight and relevant conduct and to contest the reliability of the confidential informant. See [D.E. 64] 4; [D.E. 67] 2–3. The record demonstrates, however, that Lynch's counsel vigorously contested the drug-weight calculation, relevant conduct, and the reliability of the confidential informant. See Sentencing Tr. 8–9, 16–18, 21; PSR Objections [D.E. 43] 25; Def's Sent. Mem. [D.E. 40] 2–3; [D.E. 40-1]. Counsel's strategic decision concerning how to challenge the drug weight, relevant conduct, and the reliability of the confidential informant falls comfortably within the wide range of

professionally competent representation. See Strickland, 466 U.S. at 690; Bobby, 558 U.S. 11–12; Morva v. Zook, 2016 WL 2587362 at *10 (4th Cir. 2016). Indeed, defense counsel's advocacy convinced this court to sustain the drug-weight objection in part and to reduce it from 20.7 kilograms to below 8.4 kilograms. See Sentencing Tr. 7–24. Alternatively, the court's alternative variant sentence defeats any prejudice claim. See Sentencing Tr. 59–60; United States v. Gomez-Jimenez, 750 F.3d 370, 382–84 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 162 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011).

Next, Lynch contends that the government failed to make known to the court at sentencing the full extent of Lynch's cooperation and Lynch's counsel was constitutionally ineffective for failing to object to the government's omission. See [D.E. 64] 7. Part of the cooperation involved Lynch's testimony concerning an unsolved double murder in Rocky Mount. See id.

This claim fails. First, defense counsel and the AUSA did advise the court about Lynch's assistance. See Sentencing Tr. 45–46; [D.E. 40] 9. Thus, there was no deficient performance. Furthermore, to the extent Lynch's claim concerns the cooperation that he provided after he was sentenced, that cooperation obviously was not known to anyone at the sentencing hearing. See [D.E. 79] 19–20. Moreover, the government has indicted that it is prepared to file a Rule 35(b) motion concerning Lynch's post-sentencing cooperation after the section 2255 proceeding is resolved. See id. Accordingly, this claim fails.

Next, Lynch claims that agents and the AUSA misled him about how much time he would get if he pleaded guilty. See [D.E. 64] 8, 14. Lynch, however, procedurally defaulted this claim by failing to raise it on direct appeal. See Bousley, 523 U.S. at 622. Alternatively, the Rule 11 proceeding dooms this claim. During Lynch's Rule 11 proceeding, Lynch swore under oath that he had discussed his case with his lawyer, had read and discussed his entire plea agreement with his

lawyer, that he understood each term in his plea agreement, and Lynch also swore that no one had "made any promise to [him] or anyone else that's made him decide to plead guilty." Rule 11 Tr. 19; see Plea Agreement ¶ 3.c. Lynch's sworn statements at his Rule 11 proceeding bind him and defeat his claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 & n.4 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Lynch's counsel did not render ineffective assistance, and Lynch's claim fails.

After reviewing the claims presented in Lynch's motion, the court finds that reasonable jurists would not find the court's treatment of Lynch's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 78], DISMISSES Lynch's section 2255 motions [D.E. 64, 67], DENIES Lynch's motion to appoint counsel [D.E. 77], and DENIES a certificate of appealability.

SO ORDERED. This 17 day of June 2016.

JAMES C. DEVER III
Chief United States District Judge

9

Case 5:13-cr-00255-D Document 91 Filed 06/17/16 Page 9 of 9